**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**April 7, 2006**

**Elisabeth A. Shumaker**
**Clerk of Court**

UNITED STATES COURT OF APPEALS

TENTH CIRCUIT

CHARLES RONALD COOPER,

Petitioner-Appellant,

v.

GARY GOLDER, and THE
ATTORNEY GENERAL OF THE
STATE OF COLORADO,

Respondents-Appellees.

No. 05-1481

(D. Colorado)

(D.C. No. 05-CV–1304-OES)

**ORDER**

Before **HENRY**, **BRISCOE**, and **O'BRIEN**, Circuit Judges.

Charles Ronald Cooper, a Colorado state prisoner proceeding pro se, seeks

a certificate of appealability ("COA") to appeal the district court's decision

dismissing as untimely his 28 U.S.C. § 2254 petition for a writ of habeas corpus.

He also seeks leave to proceed in forma pauperis ("IFP"). We deny Mr. Cooper's

application for a COA, grant his request to proceed IFP, and dismiss this appeal.

I. BACKGROUND

Mr. Cooper contends that in April 1993 he was convicted in the Arapahoe

County District Court on two counts of aggravated robbery, seven counts of

menacing, and one count each of first degree burglary and theft. He states that he was sentenced to a total of fifty years to be served concurrently with his thirty-year sentence for a prior felony conviction for armed robbery. He asserts that on January 18, 1996, the Colorado Court of Appeals affirmed his conviction. He contends that Colorado Supreme Court denied certiorari review on July 19, 1996.

The district court determined that Mr. Cooper initiated five postconviction proceedings in the Arapahoe County District Court. The first was filed on January 16, 1997 and was pending until November 27, 1998, when the state court denied the motion. Mr. Cooper did not appeal from this denial. While the January 16, 1997 motion was pending, on November 12, 1998, he filed a motion under Colo. R. Crim P. 35(c), asserting various errors. At some point before December 28, 1999, Mr. Cooper sought to dismiss this motion without prejudice. The state court granted this motion. Neither this motion nor its dismissal are in the record. Mr. Cooper filed at least three subsequent motions pursuant to Rule 35, all of which the state court dismissed as untimely.

Mr. Cooper filed an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 on July 14, 2005 in which he raised three claims. He filed an amended application on August 23, 2005. The district court dismissed the application as procedurally barred and as untimely and denied Mr. Cooper's request for a COA.

## II. DISCUSSION

In order for this court to grant a COA, Mr. Cooper must make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To do so, Mr. Cooper must demonstrate "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (internal quotations omitted). When a § 2254 petition is denied by the district court for procedural reasons, as is the case here, the petitioner must show "that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.*

For purposes of habeas review, the one-year statute of limitations began to run at the time Mr. Cooper's convictions became "final." *See* 28 U.S.C. § 2244(d)(1)(A) ("A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from . . . the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review[.]"). On July 19, 1996 the Colorado Supreme Court refused to grant a writ of certiorari. Accordingly, his conviction became final and the

3

limitations period began to run on October 17, 1996 when the time for seeking review in the United States Supreme Court expired.

The district court concluded that AEDPA's one-year limitation period should be tolled for the period of time during which the January 16, 1997 postconviction motion was pending, from January 16, 1997 until November 27, 1998. The district court also tolled the one-year period during the time when Mr. Cooper's November 12, 1998, Rule 35(c) motion was pending in state court (the record does not indicate how long the Rule 35(c) motion was pending in state court, but it was dismissed well before December 28, 1999). The district court did not toll the one-year period for the time during which the subsequent motions were pending in state court because these motions, which were denied as time-barred, were filed outside Colorado's three-year time period for collaterally attacking Mr. Cooper's conviction, and, therefore, were not properly filed. *See Pace v. Digugluelmo*, 125 S. Ct. 1807, 1813-14 (2005) (foreclosing any argument that "reasonable confusion about whether a state filing would be timely" should constitute good cause to allow a petition to file in federal court: "[i]t must be the case that a petition that cannot even be initiated or considered due to the failure to include a timely claim is not 'properly filed.'").

We agree that given even the most generous application of tolling, as applied by the district court (applying the mailbox rule, which indicates the

4

application under § 2254 was filed on June 29, 2005, and tolling the one-year period during which the January 16, 1997 and November 12, 1998 motions were pending), Mr. Cooper's § 2254 petition is still untimely. Mr. Cooper does not suggest any other circumstances that may warrant tolling under 28 U.S.C. § 2244(d), and there is no indication that equitable tolling might be warranted.

We have carefully reviewed Mr. Cooper's brief, the district court's disposition, and the record on appeal. Nothing in the facts, the record on appeal, or Mr. Cooper's filing raises an issue which meets our standards for the grant of a COA. For substantially the same reasons as set forth in the district court's order, we cannot say that it is "debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 484.

## III. CONCLUSION

We DENY Mr. Cooper's request for a certificate of appealability, GRANT his motion to proceed IFP, and DISMISS the appeal.

Entered for the Court,

Robert H. Henry
Circuit Judge